Leah M. Beligan (SBN 250834)
lmbeligan@bbclawyers.net
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612
Telephone: (949) 224-3881

James L. Simon (*pro hac vice forthcoming*)          Michael L. Fradin (*pro hac vice forthcoming*)
james@simonsayspay.com                                mike@fradinlaw.com
**SIMON LAW CO.**                                    **FRADIN LAW**
5000 Rockside Road                                   8401 Crawford Ave., Ste. 104
Liberty Plaza – Suite 520                             Skokie, IL 60076
Independence, OH 44131                                Telephone: (847) 986-5889
Telephone: (216) 816-8696

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| CIBELLI PACHECO; HANNA ISHCHENKO; and ALEXANDER POGORELOV, individually, and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CULTURALINK, LLC, a Foreign Limited Liability Company, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION** <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

     Plaintiffs Cibelli Pacheco ("Plaintiff Pacheco"), Hanna Ishchenko ("Plaintiff Ishchenko") and Alexander Pogorelov ("Plaintiff Pogorelov") (collectively, "Plaintiffs"), individually, and on behalf of themselves and all other persons similarly situated, file this Collective and Class Action Complaint (hereinafter referred to as the "Complaint") against Defendant CulturaLink, LLC ("CUL") and DOES 1 through 10 (collectively, "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1     1.     The Complaint is brought as a collective action and class action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and Fed. R. Civ. P. 23 ("Rule 23"), respectively. The claims in the Complaint are brought under the following federal and state statutes: (1) the FLSA; (2) California Labor Code §§ 201-203, 204, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, 1198, 2802, and applicable Industrial Welfare Commission Order ("Wage Order"); (3) California Business & Profession § 17200, *et seq*. (the "UCL"); and (4) Va. Code Ann. § 40.1-29.3. The claims are premised on Defendants' misclassification of Plaintiffs as independent contractors and, as a result, failure to pay Plaintiffs and other similarly-situated employees all earned minimum and overtime wages, failure to provide compliant meal-and-rest periods, failure to furnish accurate wage statements, failure to reimburse reasonable and necessary business expenses, failure to pay all earned wages due upon separation, and violations of the UCL.

2.     Plaintiffs, the Collective Members and the Class Members are current and former employees of Defendants. Plaintiffs brings this Complaint on behalf of themselves and all similarly-situated current and former Interpreters (also referred to as the "Covered Positions") of Defendants.[1]

3.     The FLSA Collective are all current and former Interpreters, or other similarly titled employees, who were employed by Defendants in the United States starting from three years prior to the date the Complaint was filed up to the present (the "FLSA Collective Members").

4.     The Virginia Class Members are all current and former Interpreters, or other similarly titled employees, who were employed by Defendants within the state of Virginia starting from three years prior to the date the Complaint was filed up to the present (the "Virginia Class Members").

5.     The California Class Members are all current and former Interpreters, or other similarly titled employees, who were employed by Defendants within the state of California starting from four years prior to the date the Complaint was filed up to the present (the "California Class Members").

6.     Under the FLSA, Virginia law and California law, employers must pay all non-

---

[1] For purposes of the Complaint, the term "Interpreters" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiffs and the putative classes, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

exempt employees an overtime wage premium of one and one-half times their regular rates of pay for all time they spend working over 40 hours in a workweek. Defendants failed to pay Plaintiffs, the FLSA Collective Members, the Virginia Class Members, and the California Class Members one and one-half times their regular rate of pay for all time they spent working over 40 hours in a workweek. Plaintiffs therefore bring this Complaint as a class action and collective action under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Defendants' violation of federal, Virginia and California law as detailed further below.

7.    In addition to the minimum protections of the FLSA, California law requires employers to pay non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working over eight hours in a day.

8.    Under the FLSA, "[r]est periods of short duration, running from 5 minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). Defendants violated the FLSA by routinely failing to pay Plaintiffs, the FLSA Collective Members, the Virginia Class Members, and the California Class Members for rest breaks shorter than 20 minutes.

9.    The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id*. Defendants violated the FLSA by requiring Plaintiffs, the FLSA Collective Members, the Virginia Class Members, and the California Class Members to provide the internet service, internet equipment and replacement computer equipment, and workspace expenses necessary to complete their Interpreter job duties for Defendants while failing to reimburse Plaintiffs, the FLSA Collective Members, the Virginia Class Members, and the California Class Members for the costs of the same.

10.    Under California law and the applicable Wage Order, Defendants were required to

**COLLECTIVE AND CLASS ACTION COMPLAINT**

pay Plaintiffs and the California Class Members an hourly wage for each and every hour worked. *See* Cal. Lab. Code §§ 200, 204, 1194, and 1198. During the California Class Period (as defined below), Plaintiffs and California Class Members regularly and consistently worked before and after their shifts, including meal periods, for which they were not paid an hourly wage in violation of California Law.

11.     Under California law and the applicable Wage Order, "[a]ny work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *See* Cal. Lab. Code § 510(a). Further, "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." *Id*. During the California Class Period, Plaintiffs and California Class Members regularly and consistently worked more than 8 hours in a day and more than 40 hours in a week for which they were not paid one and one-half times or double their regular of pay.

12.     Under California law and the applicable Wage Order, Defendants were required to provide Plaintiffs and California Class Members compliant meal periods. *See* Cal. Lab. Code §§ 226.7, 512; *see also* Wage Order 4 § 11. California law also requires Defendants to pay Plaintiffs and California Class Members premium wages (at their regular rate of pay) when Defendants failed to provide Plaintiffs and California Class Members compliant meal periods. Defendants violated California law by failing to provide Plaintiffs and California Class Members off-duty, uninterrupted 30-minute meal breaks, free from employer control, for every 5 hours worked. Plaintiffs and California Class Members regularly and consistently worked over 5 and 10 hours a day and were unable to take a first meal period or second meal period when they worked more than 10 hours in a day. On other occasions, Plaintiffs and California Class Members' meal periods were cut short of 30 minutes, interrupted, or taken late. On other occasions, Plaintiffs and California Class Members worked through their meal periods, but were neither paid an hourly wage for the time worked (as alleged above), nor were they paid a premium wage.

1       13.    Under California law and the applicable Wage Order, Defendants were required to provide Plaintiffs and California Class Members compliant rest periods of at least 10 minutes, free from employer control, for every 4 hours worked or major fraction thereof. *See* Cal. Lab. Code § 226.7; *see also* Wage Order 4 § 12. Defendants violated California by not providing Plaintiffs and California Class Members with 10 minute rest periods for every four hours worked or major fraction thereof. Plaintiffs and California Class Members' rest breaks were regularly and consistently interrupted, less than 10 minutes, and/or not duty free. Plaintiffs and California Class Members were not paid a premium wage (at their regular rate of pay) for these rest-period violations.

14.    Under California law, Defendants are required to provide Plaintiffs Cibelli, Plaintiff Ishchenko and California Class Members, "semimonthly or at the time of each payment of wages," with accurate wage statements showing, among other things: "(1) gross wages earned, (2) total hours worked by the employee…, [3] net wages earned, … [4] the name and address of the legal entity that is the employer …, and [5] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…" Cal. Lab. Code § 226(a). By failing to, among other things, include all hours worked in the wage statements, failing to accurately reflect all wages earned, failing to include premium wages for meal-and-rest period violations, and failing to include the correct name of the employer, Defendants knowingly and intentionally failed to provide Plaintiff Cibelli, Plaintiff Ishchenko and California Class Members with accurate wage statements. *See Naranjo v. Spectrum Security Services, Inc*., 13 Cal.5th 93 (2022).

15.    Under California law, Defendants are required to adequately indemnify Plaintiffs and California Class Members for employment-related business expenses. *See* Cal. Lab. Code § 2802. As alleged above, Plaintiffs and California Class Members were required to provide internet services, internet equipment and replacement computer equipment, and workspace expenses necessary to complete their Interpreter job duties for Defendants. Defendants failed to reimburse Plaintiffs and the California Class Members for these business expenses.

16.    Under California law, Defendants are required to pay Plaintiff Cibelli, Plaintiff Ishchenko and California Class Members their final wages immediately upon termination, or within

72 hours of voluntarily leaving employment. *See* Cal. Lab. Code §§ 201-203. As alleged above, Plaintiff Cibelli, Plaintiff Ishchenko and California Class Members worked hours for which they were not properly paid and therefore not paid all wages due upon separation. Accordingly, Plaintiff Cibelli, Plaintiff Ishchenko and California Class Members, who are former employees, are entitled to waiting-time penalties. *Id.*

17.    Under California law, Defendants' violations of the aforementioned California Labor Codes constitutes a violation of the UCL.

18.    Under the Virginia Overtime Wage Act ("VOWA"), "[a]n employer shall pay each employee an overtime premium at a rate not less than one and one-half times the employee's regular rate for any hours worked by an employee in excess of 40 hours in any one workweek." Va. Code Ann. § 40.1-29.3(B). Under VOWA, "[a]ny employer that violates the overtime pay requirements" of FLSA shall be liable to the employee for the applicable remedies available under FLSA in "an action brought pursuant to the process in subsection J of § 40.1-29." *Meharg v. York Operations, LLC*, Civil Action No. 4:22-cv-51, 2022 U.S. Dist. LEXIS 200086 (E.D. Va. Nov. 2, 2022) citing Va. Code § 40.1-29.2.

**JURISDICTION AND VENUE**

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*, because this civil action arises under the laws of the United States.

20.    Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs, FLSA Collective Members, Virginia Class Members and California Class Members occurred within this district.

21.    From approximately April 16, 2022 through approximately June 16, 2022, Plaintiff Pacheco was a resident of Contra Costa County, California and performed work for Defendants within the state of California.

22.    From approximately April 16, 2022 through approximately July 2020, Plaintiff Ishchenko was a resident of Los Angeles County, California and performed work for Defendants within the state of California.

23.    From approximately July 21, 2021 through approximately December 31, 2022,

Plaintiff Pogorelov was a resident of Spotsylvania County, Virginia and performed work for Defendants within the state of Virginia.

24.     CUL is headquartered at 157 Technology Parkway, Norcross, Georgia, 30092. CUL regularly conduct business in and have engaged in the wrongful conduct alleged herein—and thus is subject to personal jurisdiction—in this judicial district.

25.     Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members in their work for Defendants were employed by an enterprise engaged in commerce with annual gross sales of at least $6,000,000.

### DIVISIONAL ASSIGNMENT

26.     The Oakland Division is the appropriate division for this case, pursuant to Civil L.R. 3-2(c), because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in Contra Costa County.

### PARTIES

27.     At all times material to the matters alleged in this Complaint, Plaintiffs are former employees of Defendants.

28.     Plaintiff Pacheco was an employee of Defendants, who worked as an Interpreter within the state of California from approximately April 16, 2022 through approximately June 16, 2022.

29.     Plaintiff Ishchenko was an employee of Defendants, who worked as an Interpreter within the state of California from approximately April 16, 2022 through approximately June 18, 2022.

30.     Plaintiff Pogorelov was an employee of Defendants, who worked as an Interpreter within the state of Virginia from approximately July 21, 2021 through approximately December 31, 2022.

31.     The FLSA Collective Members are all current and former Interpreters who worked for Defendants in the United States at any point in the three years preceding the filing of the initial complaint to the present (the "FLSA Collective Period").

32.     The Virginia Class Members are all current and former Interpreters who worked for

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants in the state of Virginia and any point in the three years preceding the filing of the Complaint to the present (the "Virginia Class Period").

33.     The California Class Members are all current and former Interpreters who worked for Defendants in the state of California at any point in the four years preceding the filing of the initial complaint to the present (the "California Class Period").

34.     The FLSA Collective Members, Virginia Class Members and California Class Members are and should have been classified as non-exempt employees under the FLSA, Virginia law and California law and are therefore entitled to pay of the minimum wage, overtime, compliant meal-and-rest periods, accurate wage statements, and reimbursement of reasonable and necessary business expenses.

35.     At all material times, CUL does business as CulturaLink LLC.

36.     At all material times, CulturaLink LLC is a Delaware corporation duly licensed to transact business in the state of California, and is headquartered in Norcross, Georgia.

37.     Under the FLSA, California law and Virginia law, Defendants are an employer. At all relevant times, Defendants had the authority to hire and fire employees, supervised and controlled the work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, it is subject to liability under the FLSA, California law and Virginia law.

38.     At all material times, Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members were employees of Defendants as defined by the FLSA 29 U.S.C. § 203(e)(1), California law, and Virginia law.

39.     At all material times, Plaintiff, the Collective Members and Class Members were non-exempt employees under 29 U.S.C. § 213(a)(1), California and Virginia law.

40.     Plaintiff Pacheco, Plaintiff Ishchenko and Plaintiff Pogorelov have given their written consent to be named parties in this action under 29 U.S.C. § 216(b), true and accurate copies of which are attached to this Complaint as "**Exhibit A**," "**Exhibit B**" and "**Exhibit C**," respectively.

41.     The true names and capacities, whether individual, corporate, associate,

- 8 -
**COLLECTIVE AND CLASS ACTION COMPLAINT**

representative, alter ego or otherwise, of defendants named in this action as DOES 1 through 10 inclusive are presently unknown to Plaintiffs, who therefore sues such defendants by such fictitious names. Plaintiffs will seek to amend this Complaint to allege the true names and capacities of DOES 1 through 10 when the same have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiffs and the Collective and Class Members for the events, happenings, and damages set forth below.

42.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times mentioned herein, Defendants acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants

## FACTUAL ALLEGATIONS

43.     Defendants provide hundreds of healthcare providers with best-in-class consulting along with comprehensive translation and interpretation in more than 200 languages.[2]

44.     The FLSA Collective Members are all current and former Interpreters who worked for Defendants nationwide during the FLSA Collective Period. The FLSA Collective Members are non-exempt from the FLSA's overtime requirements.

45.     Virginia Class Members are all current and former Interpreters who worked for Defendants in Virginia during the Virginia Class Period. Virginia Class Members are non-exempt from Virginia's overtime requirements.

46.     The California Class Members are all current and former Interpreters who worked for Defendants in California during the California Class Period. The California Class members are non-exempt employees and therefore entitled to an hourly wage for each and every hour worked, overtime, compliant meal-and-rest periods, reimbursement for all reasonable and necessary business expenses incurred, and timely payment of all wages earned upon separation of employment.

---

[2] *See* https://www.theculturalink.com  (last visited Mar. 17, 2023).

**COLLECTIVE AND CLASS ACTION COMPLAINT**

47.     Defendants have willfully misclassified the California Class Members as "independent contractors," when in fact, they are actually employees.

48.     Defendants have knowingly misclassified the Virginia Class Members as "independent contractors," when in fact, they are actually employees, and Defendants have knowingly failed to pay overtime in accordance with VOWA.

49.     Defendants have willfully misclassified the FLSA Collective Members as "independent contractors," when in fact, they are actually employees.

50.     Plaintiffs worked for Defendants as Interpreters, providing two-way language interpretation for their clients. At all relevant times, Plaintiff Pacheco worked remotely from her residence in Contra Costa County, California. Plaintiff Ishchenko worked remotely from her residence in Los Angeles County, California. Plaintiff Pogorelov worked remotely from his residence in Spotsylvania County, Virginia.  The FLSA Collective Members, Virginia Class Members and California Class Members similarly worked remotely using Defendants' propriety technology, hardware, and software.

51.     At all relevant times, Plaintiff Pacheco was compensated on an hourly basis at a rate of approximately $20.00. Plaintiff Ishchenko was compensated on an hourly basis at a rate of approximately $20.00. Plaintiff Pogorelov was compensated on an hourly basis at a rate of approximately $19.00.

52.     At all relevant times, Plaintiff Pogorelov worked 40 hours or more per week.  Plaintiff Ishchenko occasionally worked over eight hours in a day and more than 20 hours or more per week. Plaintiff Cibelli occasionally worked over eight hours in a day and more than 20 hours or more per week. Because Defendants misclassified their Interpreters as independent contractors, Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members were not being paid on an hourly basis.

53.     Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members performed their duties, work and provided their interpretation services for Defendants remotely. As part of this design, Defendants required Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members to purchase and use computer,

audio and video equipment for use in their homes. Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members are required to use Defendants' proprietary software programs which they must log on to perform their job functions for Defendants.

54.     At all relevant times, Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members are not paid for the time spent logging in and logging out before and after the end of their shifts.

55.     Specifically, Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members must set up the required equipment and perform quality checks before their shifts begin. In addition, Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members are required to spend time booting up and logging into their computers. The time spent before their shifts began was not being compensated. Moreover, Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members are required to log off and shut down their computers and applications after the end of their shifts. . Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members were also not being paid for this post-shift work.

56.     As a result of the pre- and post-shift work, Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members typically spend at least 20 minutes or more each shift that goes completely uncompensated, whether at a regular rate of pay or an overtime rate of pay. In all instances, Defendants' failure to compensate Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members for such time violates the minimum wage provisions of the FLSA, Virginia law and California law. In all instances wherein Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members worked over 40 hours in a workweek, Defendants' failure to compensate them for such time violates the overtime provisions of the FLSA, Virginia law and California law. In all instances wherein Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members worked more than 8 hours in, but not over 40 hours in a workweek, Defendants' failure to compensate them for such time violates the overtime provisions of California law.

57.     Plaintiffs, the FLSA Collective Members, Virginia Class Members and California

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Class Members are only compensated when they are logged into Defendants' proprietary software system. Anytime that Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members need to take a rest or meal break, they must log out of Defendants' proprietary software system. As a result, Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members are not paid for rest breaks of 20 minutes or less.

58.    Defendants' failure to pay Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members for rest breaks of 20 minutes or less violates the minimum wage provisions of the FLSA, Virginia law and California law in all instances. In all instances wherein Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members worked over 40 hours in a workweek, Defendants' failure to compensate them for any break of 20 minutes or less violates the overtime provisions of the FLSA, Virginia law and California law. In all instances wherein Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members worked more than 8 hours in, but not over 40 hours in a workweek, Defendants' failure to compensate them for any break of 20 minutes or less violates the overtime provisions of California law.

59.    Defendants employed Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members for work periods of more than 5 and 10 hours a day, entitling them to first and second meal periods of at least 30 minutes each. However, Defendants, due to the misclassification, failed to provide them duty-free meal periods of at least 30 minutes for every five hours worked. As a result, Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members missed their meal periods, worked through their meal periods, the meal periods were interrupted, or were taken late. By failing to provide Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members with 30-minute, off duty, compliant meal breaks for every five hours worked, Defendants owe Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members premium wages (at their regular rate of pay) for these meal period violations.

60.    Defendants employed Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members for work periods of four hours or more without rest periods of at least 10 minutes of rest time for every four hours worked, or major fraction thereof. In addition, the rest breaks were

**COLLECTIVE AND CLASS ACTION COMPLAINT**

regularly interrupted, less than 10 minutes, and/or on duty. By failing to provide Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members with 10-minute, off duty, compliant rest breaks for every four hours worked or major fraction thereof, Defendants owe Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members premium wages (at their regular rate of pay) for these rest period violations.

61.     By failing to provide Plaintiff Pacheco and Plaintiff Ishchenko and California Class Members wage statements showing all hours worked, all wages earned, including meal-and-rest premiums for meal and rest period violations, the correct name of the entity that employs them, and the correct hourly rates for each hour worked, Defendants knowingly and intentionally violated California Labor Code §§ 226, 1174(d), 1198 and Wage Order No. 4. *See also Naranjo,* 13 Cal.5th 93, (2022).

62.     Defendants require Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members to supply their own highspeed internet, routers, modems, replacement computer equipment and workspace which are necessary for the Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members to perform their job duties for Defendants. However, Defendants fail to reimburse Plaintiffs, the FLSA Collective Members, Virginia Class Members and California Class Members for these business expenses required by Defendants. As a result, Defendants have violated the FLSA, Virginia law and California law.

63.     Defendants failed to pay Plaintiff Cibelli and Plaintiff Ishchenko and California Class Members all wages due to them immediately upon termination, or within 72 hours of voluntarily leaving employment. Thus, Defendants violated California Labor Code §§ 201-203.

64.     Defendants have willfully misclassified the California Class Members as "independent contractors," when in fact, they are actually employees. Thus, Defendants have violated California Labor Code § 226.8.

65.     As alleged herein, Defendants' violations of the FLSA and California's labor laws constitute an unfair, fraudulent or unlawful business practice under the UCL.

**COLLECTIVE ACTION ALLEGATIONS**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

66.     Plaintiffs and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

67.     Plaintiffs bring this action under 29 U.S.C. § 216(b) on their own behalf, and as representatives on behalf of individuals similarly situated, who are current or former Interpreters employed by Defendants.

68.     Defendants subjected all their Interpreters, including Plaintiffs and the FLSA Collective Members to their policy and practice of misclassification and not paying them minimum wage or overtime for all time spent including, but not limited to, setting up equipment; booting up computers and launching software; logging out of software; shutting down computers; taking down audio and video equipment; and cleaning and maintaining equipment in violation of 29 U.S.C. §§ 206 and 207.

69.     Defendants subjected all its Interpreters, including Plaintiffs and the FLSA Collective Members, to their policy of failing to pay Plaintiffs and the FLSA Collective Members for all breaks of 20 minutes or less in violation of 29 U.S.C §§ 206 and 207.

70.     Defendants subjected all its Interpreters, including Plaintiffs and the FLSA Collective Members, to their policy of requiring Plaintiffs and the FLSA Collective Members to provide highspeed internet service, equipment and replacement computer equipment, and workspace expenses without reimbursing Plaintiffs and the FLSA Collective Members for same.

71.     Plaintiffs' claims stated in this Complaint are essentially the same as those of the FLSA Collective Members. This action is properly maintained as a collective action because, in all pertinent aspects, the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

72.     The FLSA Collective Members perform or have performed the same or similar work as Plaintiffs.

73.     Defendants' failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

74.     Although the exact amount of damages may vary among the FLSA Collective

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to the FLSA Collective Members.

75.    As such, Plaintiffs brings their FLSA minimum wage and overtime claims as a collective action on behalf of the following FLSA Collective:

> **All of Defendants' current and former Interpreters and those with similar job duties, but different titles, who worked for Defendants during the FLSA Collective Period.**

76.    Defendants' unlawful conduct, as described herein, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by misclassifying the FLSA Collective Members and failing to properly compensate their employees according to the FLSA.

77.    Defendants are aware or should have known federal law prohibited them from not paying Plaintiffs and the FLSA Collective Members all minimum wage and overtime as detailed herein.

78.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

79.    This action is properly brought and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

80.    Upon information and belief, the individuals similarly situated to Plaintiffs include hundreds, and possibly thousands, of Interpreters currently and/or formerly employed by Defendants. Plaintiffs cannot state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from its employment records.

81.    Notice can be provided to the FLSA Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

82.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83.     **Virginia Class.** Plaintiff Pogorelov brings Claims for Relief for violation of Virginia wage-and-hour laws as a class action under Rule 23(a), (b)(2), and (b)(3). Plaintiff Pogorelov brings these claims on behalf of himself and all members of the following Virginia Class:

> **All of Defendants' current and former Interpreters and those with similar job duties, but different titles, who worked for Defendants within Virginia during the Virginia Class Period**.

84.     **California Class.** Plaintiff Cibelli and Ishchenko ("California Plaintiffs") bring Claims for Relief in violation of California wage-and-hour laws as a class action under Rule 23(a), (b)(2) and (b)(3). California Plaintiffs bring these claims on behalf of themselves and all members of the following California Class:

> **All of Defendants' current and former Interpreters and those with similar job duties, but different titles, who worked for Defendants within California during the California Class Period.**

85.     Unless otherwise stated, both members of the Virginia Class and California Class will hereinafter be referred to as the "Class Members." In the alternative, and for the convenience of this Court and the parties, Plaintiffs may seek to certify subclasses at the time the motion for class certification is filed.

86.     **Numerosity (Rule 23(a)(1)).** The Class Members are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe that Defendants employed greater than 100 people who satisfy the definition of the Class Members.

87.     **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).** Common questions of law and fact exist as to Plaintiffs and the Class Members including, but not limited to, the following:

   a.  whether Defendants unlawfully failed to pay the Virginia Class Members all overtime wages in violation of the Virginia Overtime Wage Act;

   b.  whether Defendants violated California law by failing to pay California Class Members at the least the minimum wage for all hours worked;

   c.  whether Defendants violated California law by failing to pay California Class Members overtime compensation for all overtime hours worked;

   d.  whether Defendants violated California law by failing to provide California Class

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Members first and second meal periods of at least 30-minutes when the shifts exceeded 5 and 10 hours of work, and not compensating employees with one hour of pay at the employees' regular rate of compensation for each workday that meal periods were not provided;

e.  whether Defendants violated California law by failing to provide California Class Members daily rest periods of 10 minutes per 4 hours or major fraction thereof worked when the shift exceeded three-and-a half hours and by failing to compensate employees one hour's wages in lieu of rest periods;

f.  whether Defendants violated California law by failing to provide California Class Members accurate wage statements;

g.  whether Defendants violated California law by failing to reimburse California Class Members all reasonable and necessary business expenses incurred;

h.  whether Defendants violated California law by failing to timely pay California Class Members all earned wages and final paychecks due at the time of separation of employment;

i.  whether Defendants' practices constitute an unfair, fraudulent, or unlawful business practice under the UCL;

j.  whether Defendants unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

k.  the damages sustained and the proper measure of restitution recoverable by the Class Members.

88.  **Typicality (Rule 23(a)(3)).** Plaintiffs' claims are typical of the Class Members' claims. Plaintiffs, like the Class Members, were subjected to Defendants' illegal scheme to maximize profits by misclassifying their Interpreters as independent contractors and depriving them of minimum wage and overtime compensation, compliant meal-and-rest periods, accurate wage statements, and shifting the cost of business expenses from themselves to the Class Members.

89.  **Adequacy (Rule 23(a)(4)).** Plaintiffs will fairly and adequately represent and protect

the interests of the Class Members. Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

90.    **Injunctive and Declaratory Relief (Rule 23(b)(2)).** Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

91.    **Predominance and Superiority of Class Action (Rule 23(b)(3)).** Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices illegally deprived Plaintiffs and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

92.    Plaintiffs intend to send notice to all Class Members to the extent required by Rule 23.

<u>**COUNT ONE: FAIR LABOR STANDARDS ACT**</u>

**MISCLASSIFICAITON AS INDEPENDENT CONTRACTORS**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the Collective Class Against all Defendants)**

93.    Plaintiffs and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

94.    At all relevant times, Defendants have a consistent, enterprise-wide policy of classifying Plaintiffs and the FLSA Collective Members as independent contractors despite the economic reality that Plaintiffs and the FLSA Collective Members are in fact Defendants'

**COLLECTIVE AND CLASS ACTION COMPLAINT**

employees.

95.    At all relevant times, Defendants directly or indirectly exercised significant control over the wages, hours, and working conditions of Plaintiffs and the FLSA Collective Members.

96.    Plaintiffs and the FLSA Collective Members incurred financial loss, injury, and damage as a result of Defendants' business practice of misclassifying him as independent contractors and failing to pay them overtime pay.

97.    Defendants' misclassification of Plaintiffs and the FLSA Collective Members as independent contractors was specifically intended to enhance Defendants' profit margins at the expense of their laborers and upon information and belief, Defendants misclassify all of their laborers as independent contractors.

98.    Defendants' misclassification of Plaintiffs and the FLSA Collective Members was willful.

99.    Defendants knew or should have known that it was improper to classify Plaintiffs and the FLSA Collective Members as independent contractors.

100.    Workers cannot "elect" to be treated as employees or independent contractors. Nor can workers agree to be paid less than the applicable minimum wage. Despite this, Defendants unfairly, unlawfully, fraudulently, and unconscionably attempted to coerce workers such as Plaintiffs to waive their statutory rights and elect to be treated as independent contractors.

101.    Any contract which attempts to have workers waive, limit, or abridge their statutory rights to be treated as an employee under the FLSA or other applicable wage and hour laws is void, unenforceable, unconscionable, and contrary to public policy.

102.    The determining factor as to whether Plaintiffs and the FLSA Collective Members were employees or independent contractors under the FLSA is not the workers' elections, subjective intent, or any contract. Rather, the test for determining whether an individual is an "employee" under the FLSA is the economic reality test. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727

**COLLECTIVE AND CLASS ACTION COMPLAINT**

(1947).  Under the economic reality test, employee status turns on whether the individual is, as a matter of economic reality, in business for herself and truly independent, or, rather, is economically dependent upon finding employment in others.

103.     Under the applicable test, court use the following factors to determine economic dependence and employment status: (1) the degree of control exercised by the alleged employer; (2) the relative investments of the alleged employer and employee; (3) the degree to which the employee's opportunity for profit and loss is determine by the employer; (4) the skill and initiative required in performing the job; (5) the permanency of the relationship; and (6) the degree to which the alleged employee's tasks are integral to the employer's business.

104.     The totality of circumstances surrounding the employment relationship between Defendants and Plaintiffs and the FLSA Collective Members establishes economic dependence by Plaintiffs and the FLSA Collective Members on Defendants and employee status. Plaintiffs and the FLSA Collective Members were not in business for themselves and truly independent, but rather were economically dependent upon finding employment in Defendants. Plaintiffs and the FLSA Collective Members were not engaged in occupations or businesses distinct from that of Defendants. To the contrary, the labor which Plaintiffs and the FLSA Collective Members provided was the basis for Defendants' business.  Defendants obtained the customers who seek out interpretation services, and Defendants provided the workers who conduct the labor on behalf of Defendants. Defendants retained pervasive control over the business operation as a whole, and of Plaintiffs and the Collective Members.

105.     Plaintiffs and the FLSA Collective Members did not exert control over any meaningful part of Defendants' business operation and did not stand as a separate economic entity from Defendants. Defendants exercised control over all aspects of the working relationship with Plaintiffs and the FLSA Collective Members.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

106.    The economic status of Plaintiffs and the FLSA Collective Members was inextricably linked to conditions over which Defendants had complete control, including without limitation advertising and promotion, business and financial relationships with customers, business and financial relationship with insurers, and customer volume.

107.    Plaintiffs and the FLSA Collective Members did not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of independent contractors: they own no enterprise, nor did they maintain a separate business structure or facility.

108.    Plaintiffs and the FLSA Collective Members had no control over customers, nor did they actively participate in any efforts to increase Defendants' customer base or profit, or to improve business in any capacity.

109.    Defendants did not permit Plaintiffs and the FLSA Collective Members to hire or subcontract other qualified individuals to provide additional interpretation services to customers, thereby increasing their revenue, as an independent contractor in business for themself would have the authority to do.

110.    Plaintiffs and the FLSA Collective Members made no financial investment in Defendants' facilities, advertising, maintenance, staffing, and contractual relationships. All capital investment and risk belonged to Defendants.

111.    Defendants managed all aspects of the business operation, including without limitation attracting investors, establishing business and customer relationships, maintaining the premises, establishing the hours of operation, coordinating advertising, and hiring and controlling of staff.

112.    Plaintiffs' and the FLSA Collective Members' work for Defendants was never intended to be temporary.

113.    Defendants knew, or acted with reckless disregard, that their refusal or failure to properly compensate Plaintiffs and the FLSA Collective Members during their employment would

**COLLECTIVE AND CLASS ACTION COMPLAINT**

violate the FLSA, and Defendants knew the FLSA's minimum wage and overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

114. As a result of Defendants' failure or refusal to pay Plaintiffs and the FLSA Collective Members for all hours worked, and Defendants' failure or refusal to pay Plaintiffs and the FLSA Collective Members one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, Defendants violated 29 U.S.C. §§ 206 and 207(a). Plaintiffs and the FLSA Collective Members are therefore entitled to compensation of all unpaid minimum wages and one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: FAIR LABOR STANDARDS ACT

### OFF-THE-CLOCK WORK

**(Brought by Plaintiffs on Behalf of Themselves and Members of the FLSA Collective Against all Defendants)**

115. Plaintiffs and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

116. Defendants have a consistent, enterprise-wide policy of requiring Plaintiffs and the FLSA Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiffs and the Collective Members their regular rate of pay for all non-overtime hours worked, and one and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

117. Plaintiffs and the FLSA Collective Members perform their duties and provide their interpretation services for Defendants remotely. As part of this design, Defendants require Plaintiffs and the FLSA Collective Members to use computer, audio and video equipment for use in their homes. Plaintiffs and the FLSA Collective Members are required to use Defendants' proprietary software programs which they must log on to perform their job duties.

118. At all relative times, Plaintiffs and the FLSA Collective Members have been subject to Defendants' policy of requiring Plaintiffs and the FLSA Collective Members to spend time working before the beginning of their shifts and after clocking out at the end of their shifts.

COLLECTIVE AND CLASS ACTION COMPLAINT

119.    Specifically, Plaintiffs and the FLSA Collective Members must set up the required equipment and perform quality checks before their scheduled shifts and therefore perform uncompensated work. Moreover, Plaintiffs and the FLSA Collective Members are required to spend time booting up and logging into their computers before their shifts and required to log off and shut down the applications and their computers without compensation.

120.    As a result, Plaintiffs and the FLSA Collective Members typically spend at least 20 minutes or more each shift that goes completely uncompensated. In all instances, Defendants' failure to compensate Plaintiffs and the FLSA Collective Members for such time violates the minimum wage provisions of the FLSA, 29 U.S.C. § 206. In all instances wherein Plaintiffs and the FLSA Collective Members work over 40 hours in a workweek, Defendants' failure to compensate Plaintiffs and the FLSA Collective Members for such time violates the overtime provisions of the FLSA, 29 U.S.C. § 207.

121.    Defendants locked Plaintiffs out of their electronic time and pay recordkeeping system following the conclusion of their employment with Defendants. As such, Plaintiffs do not have access to their time and pay records. Plaintiffs have requested that Defendants provide them with their time and pay records, but Defendants have failed or refused to do so.

122.    Although at this stage, Plaintiffs and the FLSA Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiffs and the FLSA Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

123.    Defendants knew, or acted with reckless disregard, that their refusal or failure to properly compensate Plaintiffs and the FLSA Collective Members during their employment would violate the FLSA, and Defendants knew the FLSA's minimum wage and overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

124.    As a result of Defendants' failure or refusal to pay Plaintiffs and the FLSA Collective Members for all hours worked, and Defendants' failure or refusal to pay Plaintiffs and the FLSA Collective Members one and one-half times their regular rate of pay for all hours worked over 40

hours in any workweek, Defendants violated 29 U.S.C. §§ 206 and 207(a). Plaintiffs and the FLSA Collective Members are therefore entitled to compensation of all unpaid minimum wages and one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT THREE: FAIR LABOR STANDARDS ACTS

### UNLAWFUL UNPAID BREAKS

### (Brought by Plaintiffs on Behalf of Themselves and Members of the FLSA Collective Against all Defendants)

125.    Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

126.    Under the FLSA, "[r]est periods of short duration, running from 5 minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). Defendants violated the FLSA by routinely failing to pay Plaintiffs and the FLSA Collective Members for rest breaks shorter than 20 minutes.

127.    Plaintiffs, the FLSA Collective Members, and the Class Members are only compensated when they are logged into Defendants' proprietary software system. Anytime that Plaintiffs, the FLSA Collective Members and the Class Members need to take a rest or meal break, they must log out of Defendants' proprietary software system. As a result, Plaintiffs, the FLSA Collective members and the Class Members are not paid for rest breaks of 20 minutes or less.

128.    Defendants' failure to pay Plaintiffs and the FLSA Collective Members for breaks of 20 minutes or less violates the minimum wage provisions of the FLSA in all instances. In all instances wherein Plaintiffs and the FLSA Collective Members worked over 40 hours in a workweek, Defendants' failure to compensate Plaintiffs and the FLSA Collective Members for missed breaks and/or any unscheduled break of 20 minutes or less violates the overtime provisions of the FLSA.

129.    Defendants are in possession of all of the time punch records which Plaintiffs do not have access to at this time. Upon information and belief, these records will evidence all of the breaks for which Plaintiffs and the FLSA Collective Members were paid, and all of the breaks for which

Plaintiffs and the Collective Members were not paid. Upon information and belief, these time punch records should be readily available in discovery.

130.    Although at this stage, Plaintiffs and the FLSA Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiffs and the FLSA Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

131.    Defendants knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiffs and the FLSA Collective Members during their employment would violate the FLSA, and Defendants knew the FLSA's minimum wage and overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

132.    As a result of Defendants' failure or refusal to pay Plaintiffs and the FLSA Collective Members their regular rate of pay for all hours worked and one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, Defendants violated 29 U.S.C. §§ 206 and 207. Plaintiffs and the FLSA  Collective Members are therefore entitled to compensation for unpaid wages at their regular rate of pay for non-overtime hours worked and one and one-half times their regular rate of pay for unpaid overtime hours, to be proven at trial, plus an equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT FOUR: FAIR LABOR STANDARDS ACT

### IMPROPER KICKBACKS

**(Brought by Plaintiffs on Behalf of Themselves and Members of the FLSA Collective Against all Defendants)**

133.    Plaintiffs and the FLSA Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

134.    The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 785.18. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in

or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

135.    Defendants require Plaintiffs and the FLSA Collective Members to supply their own highspeed internet service, internet equipment, replacement computer equipment, and workspace. However, Defendants fail to reimburse Plaintiffs and the FLSA Collective Members for such required service and equipment and workspace expenses. As such, Defendants have violated the overtime provisions of the FLSA.

136.    Defendants locked Plaintiffs out of their electronic time and pay recordkeeping system following the conclusion of her employment with Defendants. As such, Plaintiffs do not have access to their time and pay records. Plaintiffs have requested that Defendants provide them with their time and pay records, but Defendants have failed or refused to do so.

137.    However, by requiring Plaintiffs to pay for the highspeed internet service necessary and workspace expenses to perform their job duties for Defendants, Defendants required Plaintiffs to "kickback" the overtime premiums that were to be paid to them "free and clear" in violation of the FLSA.

138.    Although at this stage, Plaintiffs and the FLSA Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiffs and the FLSA Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

139.    Defendants knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiffs and the FLSA Collective Members during their employment would violate the FLSA, and Defendants knew the FLSA's overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

140.    As a result of Defendants' failure to reimburse Plaintiffs and the FLSA Collective Members for their internet service, internet equipment, replacement computer equipment, and workspace expenses, Defendants violated the minimum wage and overtime provisions of the FLSA.

Plaintiffs and the Collective Members are therefore entitled to minimum wage and overtime compensation, to be proven at trial, plus an equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT FIVE: VIRGINIA OVERTIME WAGE ACT**

**(Brought by Plaintiff Pogorelov on Behalf of Himself and Members of the Virginia Class Against all Defendants)**

141.   Plaintiff Pogorelov and the Virginia Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

142.   Under VOWA, "[a]n employer shall pay each employee an overtime premium at a rate not less than one and one-half times the employee's regular rate for any hours worked by an employee in excess of 40 hours in any one workweek." Va. Code Ann. § 40.1-29.3(B).

143.   Additionally, "[o]n each regular pay date, each employer, other than an employer engaged in agricultural employment including agribusiness and forestry, shall provide to each employee a written statement, by a paystub or online accounting, that shows the name and address of the employer; the number of hours worked during the pay period if the employee is paid on the basis of (i) the number of hours worked or (ii) a salary that is less than the standard salary level adopted by regulation of the U.S. Department of Labor pursuant to § 13(a)(1) of the federal Fair Labor Standards Act, 29 U.S.C. § 213(a)(1), as amended, establishing an exemption from the Act's overtime premium pay requirements; the rate of pay; the gross wages earned by the employee during the pay period; and the amount and purpose of any deductions therefrom. The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated." Va. Code Ann. § 40.1.29(C).

144.   Defendants have a consistent enterprise-wide policy of requiring Plaintiff Pogorelov and the Virginia Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff Pogorelov and the Virginia Class Members their regular rate of pay for all non-overtime hours worked, and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

145.    Plaintiff Pogorelov and the Virginia Class Members perform their duties and provide their interpretation services for Defendants remotely. As part of this design, Defendants require Plaintiff Pogorelov and the Virginia Class Members to use computer, audio and video equipment. Plaintiff Pogorelov and Virginia Class Members are required to use Defendants' proprietary apps and software programs to "log in" or "sign in" to perform their job functions for Defendants.

146.    At all relevant times, Plaintiff Pogorelov and the Virginia Class Members have been subject to Defendants' policy of requiring them to spend time working before and after their shifts without compensation.

147.    Specifically, Plaintiff Pogorelov and the Virginia Class Members must set up the required audio and video equipment and perform quality checks before being "logged in" or "signed in" and therefore perform work that is uncompensated. Moreover, Plaintiff Pogorelov and the Virginia Class Members are required to spend time booting up their computer and "logging in" or "signing in" to Defendants' apps or software programs before their scheduled shifts and required to "log off" or "sign off" after the end of their shifts without compensation.

148.    As a result, Plaintiff Pogorelov and the Virginia Class Members typically spend at least 20 minutes or more each shift that goes completely uncompensated. Defendants' failure to compensate Plaintiff Pogorelov and the Virginia Class Members for such time is in violation of VOWA.

149.    Defendants locked Plaintiff Pogorelov out of their electronic time and pay recordkeeping system following the conclusion of his employment with Defendants. As such, Plaintiff Pogorelov does not have access to his time and pay records. Plaintiff Pogorelov has requested that Defendants provide him with his time and pay records, but Defendants have failed or refused to do so.

150.    Moreover, Defendants knowingly misclassified Plaintiff Pogorelov and the Virginia Class Members as "independent contractors" despite the economic reality that Plaintiff Pogorelov and the Virginia Class Members were Defendants' employees.

151.    As a result, Defendants knowingly failed to pay Plaintiff Pogorelov and the Virginia Class Members any overtime whatsoever for all hours in which Plaintiff Pogorelov and the Virginia

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Class Members that worked which were in excess of forty hours in any given workweek in violation of Va. Code Ann. § 40.1-29.3(B).

152.    Moreover, by misclassifying Plaintiff Pogorelov and the Virginia Class Members as independent contractors despite the economic reality that they were in fact Defendants' employees, Defendants knowingly failed to comply with the requirements of Va. Code Ann. 40.1-29(C).

153.    As a result of Defendants' knowing failure or refusal to pay Plaintiff Pogorelov and the Virginia Class Members in violation of Va. Code Ann. §§ 40.1-29(C) and 40.1-29.3(B), Plaintiff Pogorelov and the Virginia Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

## COUNT SIX: VIOLATION OF CALIFORNIA'S MINIMUM WAGE REQUIREMENTS

### (Cal. Lab. Code §§ 200, 218 and 1194)

**(Brought by the California Plaintiffs on Behalf of Themselves and Members of the California Class Against all Defendants)**

154.    California Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

155.    In addition to the FLSA, California Plaintiffs seek to represent the proposed California Class as a basis to enforce equal or greater protections for wages owed that are offered by various California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the California Class in a legally identical way, California Plaintiffs, at the appropriate time, will move to certify the California Class to the extent permitted by Rule 23.

156.    Under Labor Code § 1194, employees must be separately paid an hourly wage for each and every hour worked. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d 1001, 1007 (S.D. Cal. Dec. 20, 2012). A California employer cannot average an employee's compensation over the total number of hours worked to determine compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 323-324 (2005) (employees must be compensated the minimum wage for "non-productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp.2d 1246, 1252-1253 (C.D. Cal. Jul. 8, 2011) (employees must be paid a separate hourly rate for pre-and-post

shift duties not covered by the piece-rate formula); *Balasanyan, supra,* 913 F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for "non-repair tasks"). "The *Armenta* line of cases is quite clear: employees must be directly compensated at least minimum wage for all time spent on activities that do not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007 (emphasis added). And more recently, the California Supreme Court held that commissions earned in one pay period cannot be reassigned to other pay periods to meet California's strict wage and hour requirements. *Peabody v. Time Warner Cable, Inc.*, 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

157.    California Plaintiffs and the proposed California Class were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid an hourly wage for each and every hour worked.

158.    As set forth above, California law requires employers, such as Defendants, to pay a separately hourly wage to all nonexempt employees for each and every hour worked. Labor Code § 1194 provides that employees are entitled to wages and compensation for work performed, at the legal rate, including straight time, overtime, and double time.

159.    Labor Codes §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

160.    At all relevant times herein, Defendants were required to compensate Plaintiffs and the members of the California Class for all hours worked pursuant to Labor Code § 1194.

161.    By uniformly and consistently failing to pay members of the California Class for pre- and post-shift work, rest periods, and time during which employees were not provided duty-free, uninterrupted meal periods, Defendants violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1194.

162.    Plaintiffs are informed and believe and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of minimum wages to the California Plaintiffs and the proposed California Class, in an amount according to proof at trial.

163.    California Plaintiffs are informed and believe that the nonpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

164.    California Plaintiffs are informed and believes that the nonpayment of minimum wages for all hours worked also entitles California Plaintiffs and the proposed California Class to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.

## COUNT SEVEN: VIOLATION OF CALIFORNIA'S OVERTIME LAWS

### (Cal. Lab. Code §§ 510 and 1194)

**(Brought by California Plaintiffs on Behalf of Themselves and Members of the California Class Against all Defendants)**

165.    California Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

166.    In addition to the FLSA, California Plaintiffs seek to represent the proposed California Class as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the California Class in a legally identical way, California Plaintiffs, at the appropriate time will move to certify the California Class to the extent permitted by Rule 23.

167.    California Plaintiffs and the proposed California Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and applicable Wage Order.

168.    During the California Class Period, California Plaintiffs and members of the California Class were primarily engaged in non-exempt duties. Plaintiffs and members of the California Class were neither managers, administrative, nor professional employees. No known exemptions to overtime apply to California Plaintiffs or members of the California Class. California Plaintiffs and California Class Members were willfully misclassified as independent contractors.

1    Accordingly, Plaintiffs and members of the California Class were entitled to overtime during the

2    California Class Period.

3    169.    California law requires employers, such as Defendants, to pay overtime

4    compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8

5    hours per day. Labor Code § 204 establishes the fundamental right of all employees in California to

6    be paid wages, including straight time and overtime, in a timely fashion for their work. This

7    precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

8    170.    Labor Code § 510(a) states: "Any work in excess of [8] hours in one workday and

9    any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh

10   day of work in any one workweek shall be compensated at the rate of no less than one and one-half

11   times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be

12   compensated at the rate of no less than twice the regular rate of pay for an employee. In addition,

13   any work in excess of eight hours on any seventh day of a workweek shall be compensated at the

14   rate of no less than twice the regular rate of pay of an employee."

15   171.    Throughout the California Class Period, as alleged above, California Plaintiffs and

16   members of the California Class worked in excess of 8 hours in a workday and/or 40 hours in a

17   workweek. During the California Class Period, Defendants did not pay California Plaintiffs and

18   members of the California Class overtime pay for all overtime hours worked.

19   172.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein,

20   California Plaintiffs and members of the California Class have sustained damages, including loss of

21   earnings for hours of overtime worked on behalf of Defendants in an amount to be established at

22   trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable

23   law.

24   **COUNT EIGHT: VIOLATION OF CALIFORNIA'S MEAL-AND-REST PERIOD**

25   **REQUIREMENTS**

26   **(Cal. Lab. Code §§ 226.7, 512 and Applicable Wage Order)**

27   **(Brought by California Plaintiffs on Behalf of Themselves and Members of the California**

28   **Class)**

173.    California Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

174.    Labor Code § 226.7(b) provides, in pertinent part, that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission …"

175.    Labor Code § 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

176.    Labor Code § 512(a) further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

177.    Section 11(A) of the applicable Wage Order provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. "The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

178.    Section 11(B) of the Wage Order provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

**COLLECTIVE AND CLASS ACTION COMPLAINT**

179.    California Plaintiffs and the members of the California Class consistently worked over five hours, and ten hours, per shift and therefore were entitled to a first and second meal period of not less than 30 minutes prior to exceeding fifth and tenth hour of work.

180.    California Plaintiffs and members of the California Class did not waive their meal periods by mutual consent with Defendants or otherwise.

181.    California Plaintiffs and members of the California Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

182.    Similarly, California Plaintiffs and members of the proposed California Class were entitled to be authorized and permitted paid, duty-free, uninterrupted 10 minute rest periods for every 4 hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

183.    As alleged above, Defendants failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable Wage Order. Because they misclassified the California Plaintiffs and California Class Members, Defendants did not provide compliant meal periods and, as a result, California Plaintiffs and members of the California Class missed their meal periods, took short meal periods, and/or took late meal periods. In addition, the meal periods that California Plaintiffs and members of the California Class did take were not duty free and free from employer control. Defendants further did not authorize or permit compliant rest periods for every four hours worked, or major fraction thereof, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

184.    Pursuant to Section 11(B) and Section 12 of the applicable Wage Order and Labor Code §226.7(c)—which states "[i]f an employer fails to provide an employee a meal or rest … period in accordance with a state law …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest … period is not provided"—California Plaintiffs and the members of the California Class are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

- 34 -
**COLLECTIVE AND CLASS ACTION COMPLAINT**

185.    Pursuant to Labor Code § 218.6 and Civil Code § 3287, California Plaintiffs and the members of the California Class seek recovery of prejudgment interest on all amounts recovered herein.

186.    California Plaintiffs limit the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay per day for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

## COUNT NINE: VIOLATION OF CALIFORNIA'S WAGE STATEMENT REQUIREMENTS

**(Cal. Lab. Code §§ 226, 1174(d), and 1198; Wage Order No. 4)**

**(Brought by California Plaintiffs on Behalf of Herself and Members of the California Class)**

187.    California Plaintiffs and California Class Members reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

188.    Labor Code § 226(a) requires Defendants, "semimonthly or at the time of each payment of wages," to furnish their workers with "an accurate itemized statement in writing" showing gross and net wages earned, total hours worked by the employee, rates of pay, and the correct entity that employs them. Defendants knowingly and intentionally failed to provide its workers with such timely and accurate wage-and hour statements."

189.    California Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide their workers with the wage-and-hour statements required by law.

190.    Under Labor Code § 226(e) and (t), and based on Defendants' conduct as alleged herein, California Class Members are entitled to (a) $50 for the initial pay period in which a wage and hour statement violation occurred, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000; (b) injunctive relief to ensure Defendants' compliance with Labor Code § 226; and (c) an award of costs and reasonable attorney's fees.

191.    Moreover, as a result of Defendants' conduct, California Class Members have suffered actual damages in that, among other things, the lack of accurate wage statements hindered

them from determining the correct amount of wages owed to them and what legal entity employed them. The absence of accurate wage statements has caused California Class Members time, money, and energy in attempting to reconstruct time and pay records and resulted in the submission by Defendants of inaccurate information about hours worked and wages earned. As a result of Defendants' failure to provide California Class Members with timely and accurate wage statements, they are entitled to recover the aggregate sum according to proof, of all actual damages they suffered.

192.    Defendants' conduct also entitles California Class Members to seek preliminary and permanent injunctive relief including, but not limited to, an order that is issue wage-and-hour statements to their workers that comply with Labor Code § 226.

## COUNT TEN: FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED EXPENDITURES

### (Cal. Lab. Code § 2802)

**(Brought by California Plaintiffs on Behalf of Themselves and Members of the California Class)**

193.    California Plaintiffs hereby allege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

194.    California Plaintiffs and members of the California Class have been employed by Defendants in the State of California. California law requires that Defendants indemnify their employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. *See* Cal. Lab. Code § 2802.

195.    Defendants have violated Labor Code § 2802 by failing to indemnify California Plaintiffs and members of the California Class necessary expenditures they incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiffs and similarly situated employees were required to supply their own highspeed internet service, internet equipment, replacement computer equipment, and workspace.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

196.    Moreover, Defendants employed policies and procedures which ensured California Plaintiffs and the members of the California Class would not receive indemnification for their employment-related expenses. This practice resulted in California Plaintiffs and members of the California Class not receiving such indemnification in compliance with California law.

197.    Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to California Plaintiffs and the members of the California Class for monies to compensate them for the use of the employment-related expenses they incurred under Labor Code § 2802.

198.    As a direct and proximate result of Defendants' violation of Labor Code § 2802, California Plaintiffs and members of the California Class have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. California Plaintiffs, on behalf of herself and on behalf of the California Class, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto California Plaintiffs and the members of the California Class pursuant to Labor Code § 2802.

199.    Pursuant to Labor Code § 2802, California Plaintiffs and members of the California Class are entitled to recover full indemnification of unreimbursed business expenses, reasonable attorney's fees and costs of suit.

**COUNT ELEVEN: FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

**(Cal. Lab. Code §§ 201-203)**

**(Brought by California Plaintiffs on Behalf of Themselves and Members of the California Class)**

200.    California Plaintiffs hereby allege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

201.    At all times relevant to this Complaint, California Plaintiffs and members of the California Class were employees of Defendants, covered by California Labor Code §§ 201-203.

202.    Pursuant to California Labor Code §§ 201-203, California Plaintiffs and members of the California Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to separation. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

203.    Defendants failed to pay California Plaintiffs and members of the California Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code §§ 201-203. Specifically, in direct violation of Labor Code §§ 201-203, despite that California Plaintiffs' employment relationship with Defendants terminated, Defendants failed to timely pay California Plaintiffs all their earned wages in their final paycheck. Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

204.    Defendants' failure to pay California Plaintiffs and members of the California Class all wages earned prior to separation of employment timely in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§ 201 and 202.  Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours worked, failing to pay premium wages for workdays Defendants did not provide, or timely provide, employees all meal periods and rest periods in compliance with California law, and failing to reimburse employment-related expenditures. When Defendants failed to pay its hourly non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

205.    Pursuant to either California Labor Code §§ 201 or 202, California Plaintiffs and members of the California Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

206.    Pursuant to California Labor Code § 203, California Plaintiffs and members of the California Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

207.    As a result of Defendants' conduct, California Plaintiffs and members of the California Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

208.    As a result of Defendants' conduct, California Plaintiffs and members of the California Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

209.    California Plaintiffs and members of the California Class are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, and interest thereon.

## COUNT TWELVE: VIOLATIONS OF THE UCL

**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

**(Brought by California Plaintiffs on Behalf of Themselves and Members of the California Class)**

210.    California Plaintiffs hereby allege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

211.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) misclassifying California Plaintiffs and California Class Members; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (c) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (d) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§ 510, 1194, and 1198; (f) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (g) failing to reimburse all business expenses in violation of § 2802; (h) failing to provide

**COLLECTIVE AND CLASS ACTION COMPLAINT**

all employees accurate wage statements in violation of §§ 201-203; and (i) failing to remunerate all employees for all wages due upon separation of employment in violation of §§ 201-203.

212.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

213.    California Plaintiffs seek individually and on behalf of other members of the California Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

214.    California Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein above thereby depriving California Plaintiffs and other members of the California Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all other similarly situated persons, requests this Court grant the following relief in Plaintiffs', the Collective Members' and the Class Members' favor, and against Defendants:

A.    For an order conditionally certifying the proposed FLSA Collective and certifying the proposed Virginia Class and California Class;

B.    For an order appointing Plaintiffs as the representatives of the FLSA Collective, Plaintiff Pogorelov as the representative of the Virginia Class, and the California Plaintiffs as the class representatives for the California Class as described herein;

C.    For the Court to declare and find Defendants committed one or more of the following acts:

i.    willfully violated the minimum wage and overtime provisions of the FLSA;

ii.    willfully violated the minimum wage and overtime provisions of Virginia law;

iii.    violated the minimum wage and overtime provisions of California law; and

iv. violated the meal-and-rest period, wage statement, expense reimbursement, and timely wage payment requirements of California law.

D.      For the Court to award damages and/or restitution in the amounts of all unpaid minimum and overtime wages, premium wages, unreimbursed expenses, statutory and civil penalties, and waiting-time penalties due and owed to Plaintiffs, the Collective Members, and the Class Members;

E.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and Cal. Lab. Code § 1194.2, in amounts to be determined at trial;

F.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

G.      For the Court to award all treble damages, interest, attorney's fees and costs owed to Plaintiffs and the Class Members under Virginia law and California law including, but not limited to, California Labor Code §§ 218.5, 226, 1194, 2802, 2699(g), and Code of Civil Procedure § 1021.5;

H.      For the Court to award Plaintiffs' and the FLSA Collective Members' reasonable attorneys' fees and costs of the action under 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

I.      For the Court to provide a reasonable incentive award for Plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective Members and Class Members and for the risks they took in doing so; and

J.      Such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, the FLSA Collective Members, and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: March 28, 2023                          Respectfully submitted,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BELIGAN LAW GROUP, LLP


By: /s/  Leah M. Beligan
     Leah M. Beligan (SBN 250834)
     19800 MacArthur Blvd., Suite 300
     Newport Beach, CA 92612
     Telephone: (949) 224-3881


SIMON LAW CO.


By: /s/ James L. Simon
     James L. Simon (*pro hac vice forthcoming*)
     james@simonsayspay.com
     5000 Rockside Road
     Liberty Plaza – Suite 520
     Independence, OH 44131
     Telephone: (216) 816-8696

FRADIN LAW


By: /s/ Michael L. Fradin
     Michael L. Fradin (*pro hac vice forthcoming*)
     mike@fradinlaw.com
     8401 Crawford Ave., Ste. 104
     Skokie, IL 60076
     Telephone: 847-986-5889

*Attorneys for Plaintiffs and the Putative Classes*

# EXHIBIT A

## CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit filed against CulturaLink and agree to be a class representative.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

Date: 3/27/2023

CIBELLI PACHECO

# EXHIBIT B

# **CONSENT FORM**

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit filed against CulturaLink and agree to be a class representative.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state wage and hour laws.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action.  If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

*Hanna Ishchenko*
A624DF4BC08D487

HANNA ISHCHENKO

Date:  3/27/2023

# EXHIBIT C

DocuSign Envelope ID: 4D46B3E9-35BB-4EA5-A268-77A261378F42

## CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit filed against CulturaLink and agree to be a class representative.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state wage and hour laws.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action.  If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

DocuSigned by:

1C048F19F80B494...

ALEXANDER POGORELOV

Date: 3/27/2023