UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIBELLI PACHECO, et al., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>CULTURALINK, LLC, <br><br>　　　　　Defendant. | Case No.  23-cv-01499-AMO <br><br> **ORDER DENYING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** <br><br> Re: Dkt. Nos. 38, 39 |

This is a proposed wage and hour class and representative action in which named Plaintiffs Cibelli Pacheco, Hanna Ishchenko, and Alexander Pogorelov ("Named Plaintiffs") seek preliminary approval of a settlement under Federal Rule of Civil Procedure 23.  ECF 38 ("Mot."). The motion for preliminary approval is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for June 5, 2025, is VACATED.  *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b).  The Court TERMINATES as moot Named Plaintiffs' motion to appear remotely at the hearing.  ECF 39.  The Court assumes familiarity with the facts and procedural history of this case for purposes of this Order.  Having read Named Plaintiffs' papers and carefully considered the arguments and the relevant legal authority, the Court hereby **DENIES** the motion as insufficient for at least the following reasons.

## I. DISCUSSION

The Court plainly states in its Civil Standing Order,

> Any motion for preliminary or final approval of a class action settlement must address the respective guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website.

Martínez-Olguín Civil Standing Order § K.  Named Plaintiffs failed completely to address the Procedural Guidance, much less in the order presented on the website.  The Court highlights below several of the most glaring shortcomings in the Named Plaintiffs' motion for preliminary approval and the parties' proposed settlement.  This is not an exhaustive list of deficiencies.  It is Named Plaintiffs' duty to meaningfully engage with the District's Procedural Guidance for Class Settlements (the "Guidance").  Any renewed motion for preliminary approval shall abide by the Court's instructions and fulfill the Guidance's requirements or it too shall be denied.

### A.   Anticipated Class Recovery

The District's Guidance asks parties seeking preliminary approval to specify "The class recovery under the settlement (including details about and the value of injunctive relief), the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount applied to the claims."  *See* Guidance § 1(c).

Here, Named Plaintiffs do not provide an estimated recovery or a range of potential recovery for class members.  They fail to include an estimated recovery had the proposed class prevailed on each claim, and they fail to provide any estimate of the discount applied to the claims.  These shortcomings alone warrant denial of Named Plaintiffs' motion for preliminary approval because it prevents the Court from meaningfully assessing the fairness of the proposed settlement.

### B.   Effect on Related Cases

The District's Guidance recommends that parties identify

> Any other cases that will be affected by the settlement, an explanation of what claims will be released in those cases if the settlement is approved, the class definitions in those cases, their procedural posture, whether plaintiffs' counsel in those cases participated in the settlement negotiations, a brief history of plaintiffs' counsel's discussions with counsel for plaintiffs in those other cases before and during the settlement negotiations, an explanation of the level of coordination between the two groups of plaintiffs' counsel, and an explanation of the significance of those factors on settlement approval.

*See* Guidance § 1(d). Here, Plaintiffs fail to clarify whether there exist any other related cases or any cases that would be affected by this proposed settlement.

### C.     Comparable Outcomes

The District's Guidance instructs counsel to provide information about comparable cases, including settlements and litigation outcomes. Guidance § 11 ("Counsel should summarize this information in easy-to-read charts that allow for quick comparisons with other cases, supported by analysis in the text of the motion."). There are no comparators provided in Named Plaintiffs' submission and thus no information against which the Court can assess this settlement. Any renewed motion for preliminary approval shall include comparable outcomes.

### D.     Opt-Outs

The District's Guidance instructs parties seeking approval to provide in their proposed notice clear advice regarding "deadline, methods to opt out, and the consequences of opting out." Guidance § 4.

In this case, Named Plaintiffs state that, following preliminary approval, "The Settlement Administrator will then disperse a packet to members of the Settlement Class giving them notice of the Settlement and 60-days to opt in to the Settlement and 45-days to object to the Settlement or to opt out of the Class by submitting a written request for exclusion." Mot. at 6. Though this action includes claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., Named Plaintiffs' motion provides no distinction between "opting in" and "opting out" or why there would be distinct deadlines for such options. The proposed notice says nothing about opting in and instead states that all class members who do not opt out will receive a check from the settlement fund and will waive their wage and hour claims. *See* ECF 38-4 at 29; *see also id.* at 30 ("To receive a cash payment from the Settlement, you need not take any action. If you do nothing, you will receive a cash payment from the Settlement and will give up your rights to be part of any other lawsuit involving the same or similar legal claims as the ones in this case, and will release all such claims."). Any renewed motion must resolve this dichotomy to provide clear guidance for putative class members.

### E.     Proposed Class Notice

The District's Guidance instructs parties to ensure their proposed class notice is easily understandable in addition to setting forth several particular elements to inform class members

about the case and the final approval process.  Guidance § 3.

Named Plaintiffs' proposed notice does not clearly identify the courthouses where class members can access case materials, inconsistently referring only to the San Jose Clerk's Office.  ECF 38-4 at 35.  Further, the proposed notice states that the final approval hearing will take place in Oakland.  *Id.*  These addresses must be revised to clearly state the availability of public access to the case materials at all four courthouses, and the hearing location shall be updated to San Francisco.  Also, the notice should include a reminder "to advise class members to check the settlement website or the Court's PACER site to confirm that the date has not been changed."  Guidance § 3.

### F. PAGA Claim

Named Plaintiffs proceed in this action as representatives of a putative class and as representatives under California's Private Attorneys General Act ("PAGA").  *See* First Am. Compl. (ECF 18).  A plaintiff who brings a PAGA claim "does so as the proxy or agent of the state's labor law enforcement agencies," including the Labor Workforce Development Agency ("LWDA").  *Arias v. Superior Ct.*, 46 Cal. 4th 969, 986 (2009).  As such, settlement of PAGA claims typically requires judicial approval to ensure that the settlement meets the standards of being "fundamentally fair, reasonable, and adequate."  *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016).

Here, the parties agree to dismissal of the PAGA claim as a condition of their proposed settlement.  *See* Settlement Agreement ¶ 27.  The Named Plaintiffs do not acknowledge the dismissal of this representative claim in their brief.  Any renewed motion for preliminary approval shall address whether dismissal of the PAGA claim without LWDA approval at this stage is appropriate.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Named Plaintiffs' motion for preliminary approval of the class settlement.  If they can remedy the deficiencies outlined above, Named Plaintiffs may file a renewed motion within 30 days of this order.  In addition to addressing the issues highlighted above, the renewed motion should comply with all aspects of the District's

Procedural Guidance for Class Action Settlements.  Moreover, the renewed motion must provide more fulsome discussion of the warning signs that courts must look for before concluding that the settlement is non-collusive as identified by the Ninth Circuit in the matter of *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 938 (9th Cir. 2011).  Finally, any renewed motion must be accompanied by signed versions of Named Plaintiffs' declarations and any other supporting materials.

Should Named Plaintiffs elect to not file a renewed approval motion within 30 days, the parties must file a joint status report within 45 days, with a proposal for how this litigation should proceed.

**IT IS SO ORDERED.**

Dated: May 30, 2025

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**