UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIBELLI PACHECO, et al.,

Plaintiffs,

v.

CULTURALINK, LLC,

Defendant.

Case No.  23-cv-01499-AMO

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Re: Dkt. No. 59

This is a wage and hour action in which the Court earlier denied class treatment pursuant to Federal Rule of Civil Procedure 23.  Before the Court is Plaintiffs' motion for leave to file a second amended complaint.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for May 7, 2026, is VACATED.  *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b).  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS in part and DENIES in part** Plaintiffs' motion for the following reasons.

I.      **RELEVANT BACKGROUND**

This action arises from claims that Defendant CulturaLink misclassified its interpreters as independent contractors, resulting in wage and hour violations.  On March 29, 2023, Plaintiffs Cibelli Pacheco, Alexander Pogorelov, and Ishchenko Hanna filed a class action complaint against Defendant.  Dkt. No. 1.  On October 5, 2023, based on the stipulation of the parties, Plaintiffs filed the First Amended Complaint to include PAGA claims.  Dkt. Nos. 17-18.

Following mediation, on June 4, 2024, the parties reached a limited settlement of the class action in principle.  *See* Dkt. No. 34.  The Court set a deadline of December 16, 2024, for Plaintiffs to file a motion for preliminary approval of class settlement.  Dkt. No. 35.  The Court

extended that deadline to January 15, 2025, after the parties filed a joint stipulation for extension of time to file.  Dkt. No. 37.  The Court denied Plaintiffs' first motion for preliminary approval of class settlement on May 30, 2025, due to Plaintiffs' failure to address the Northern District's Procedural Guidelines for Class Action Settlements.  Dkt. Nos. 38, 40.

On July 14, 2025, the Court set a deadline of September 12, 2025, for Plaintiffs to file a renewed motion.  Dkt. No. 42.  The Court denied Plaintiffs' subsequent requests for extensions of time to renew their motion based on Plaintiffs' failures to demonstrate good cause for the extensions or otherwise comply with the Civil Local Rules and the Court's orders.  *See* Dkt. Nos. 43-46.  On October 24, 2025, the parties again stipulated to extend deadlines.  Dkt. No. 51.  On October 31, 2025, the Court denied that stipulation, making clear that the Court would not approve a schedule that contemplated relief for a class, and ordered the parties to submit a proposed schedule for the remainder of the case for resolution of Plaintiffs' individual claims.  *See* Dkt. No. 53.

On November 15, 2025, the parties filed a joint proposal under which Plaintiffs agreed to dismiss all class and collective action claims, without prejudice.  Dkt. No. 54.  This did not occur. On December 26, 2025, the Court issued a scheduling order setting a January 16, 2026 deadline for the parties to dismiss the class and collective action claims and for a motion for leave to add parties or amend the pleadings.  Dkt. No. 58.

Plaintiffs filed the instant motion seeking leave to file a further amended complaint on January 16, 2026.  Dkt. No. 59.  Plaintiffs seek leave to amend the complaint to add Yolanda Robles and Richard Gordon, owners of CulturaLink, as defendants based on their respective roles exercising control over Plaintiffs' misclassification and wage-and-hour violations.  *Id.* at 5. Plaintiffs additionally seek leave to add James Coughlin as a plaintiff based on the similarity of his claims to those previously asserted and because his addition "strengthens the existing collective and class allegations."  *Id.* at 5.

## II.    DISCUSSION

Plaintiffs' motion for leave to file a second amended complaint arises under Federal Rule of Civil Procedure 15.  "Generally, Rule 15 advises the court that leave shall be freely given when

United States District Court
Northern District of California

justice so requires.  This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citations omitted). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted).

"Not all of the factors merit equal weight . . .  [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052 (citation omitted).  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Courts may deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (modification in original).

Plaintiffs attempt through their motion to (1) dismiss the previously-asserted class and collective allegations, (2) add two additional Defendants, and (3) add an additional Plaintiff. Because Plaintiffs' abandonment of the class and collective allegations are not disputed, the Court takes up the latter two proposed amendments in turn.

### A.    Proposed Addition of New Defendants

CulturaLink avers that the proposed addition of Robles and Gordon is simultaneously futile, unduly delayed, and brought in bad faith.  Though Plaintiffs' proposed addition of Robles and Gordon at this late stage of the case additionally appears both unduly delayed and sought in bad faith, the Court need not reach those arguments because the proposed amendment fails as futile.  "Although leave to amend should be given freely, *see* Fed. R. Civ. P. 15(a), denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.' " *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).  If the statute of

United States District Court
Northern District of California

United States District Court
Northern District of California

limitations has run, an amendment would be futile. *See Moore v. United Kingdom*, 384 F.3d 1079, 1089 (9th Cir. 2004).

Plaintiffs' original complaint alleged that Plaintiff Pacheco worked for CulturaLink from April 16, 2022, through June 16, 2022, and Plaintiff Ishchenko worked for CulturaLink from April 16, 2022, through June 18, 2022, within California. *See* Dkt. No. 1. Additionally, Plaintiff Pogorelov alleges he worked for CulturaLink from July 21, 2021, through December 31, 2022, within Virginia. *Id.*

The statute of limitations for the California wage and hour causes of action is three years from the date of the violations. Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203. PAGA claims are subject to a one-year statute of limitations. Cal. Civ. Proc. Code § 340(a). An unfair competition cause of action is subject to a four-year statute of limitation from when the unfair practice was discovered or should have been discovered. Cal. Bus. & Prof. Code § 17208. Additionally, the statute of limitations for the Virgina overtime wage violation cause of action is two years for a standard violation and three years for a willful violation. Va. Code Ann. § 40.1-29.3.

Here, the statute of limitations has already run for the California and Virginia wage claims. Accordingly, the relation back doctrine must apply for the additional defendants to be added to the case.

Federal Rule of Civil Procedure 15(c)(1)(C) provides the framework for relation back when adding new defendants. The Rule requires satisfaction of three requirements: (1) the amendment must assert a claim arising from the same conduct, transaction, or occurrence set out in the original pleading; (2) within 90 days from filing the complaint for service, the new defendant must have received notice of the action such that it will not be prejudiced in defending on the merits; and (3) the new defendant must have known or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C). Relation back as to new defendants under Rule 15(c)(1) is allowed only where they knew or should have known that "but for" a plaintiff's mistake they would have been named in the original complaint. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010).

4

United States District Court
Northern District of California

Two Supreme Court cases interpreting Rule 15, both cited in CulturaLink's opposition, guide the analysis here. *See* Dkt. No. 60 at 4-5 (citing *Krupski*, 560 U.S. 538; *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000)). In *Nelson*, the prevailing plaintiff sought leave to add the losing corporate defendant's principal to the case in light of the losing corporation's financial insolvency and inability to satisfy a claim for attorney's fees and costs. *Nelson*, 529 U.S. at 463-64. The Supreme Court there noted that Rule 15(c) would not permit relation back of the claims asserted against the late-named individual defendant because there had been no "mistake" about the proper defendant – the plaintiff "knew of [the principal's] role and existence and, until it moved to amend its pleading, chose to assert its claim for costs and fees only against" the corporate defendant. *Id.* at 467 n.1. In *Krupski*, the Supreme Court addressed more directly what sort of mistake allows for relation back under Rule 15(c). *See Krupski*, 560 U.S. 538. There, the plaintiff sought damages for a slip and fall while she was on board a cruise ship and sued Costa Cruise Lines, the entity listed on the front of her cruise ticket. *Id.* at 542-43. Costa Cruise brought to plaintiff's attention multiple times that the proper defendant was instead an entity named Costa Cruciere. *Id.* After the district court denied Costa Cruise's motion for summary judgment, the plaintiff sought leave to amend and name Costa Cruciere as a defendant, but the district court held that such amendment would not relate back to the filing of the original complaint. *Id.* at 544. Though the Eleventh Circuit affirmed, the Supreme Court reversed based on the presence of a mistake in naming the incorrect defendant. *Id.* at 546, 549. The Supreme Court held that the plaintiff's "deliberate choice to sue one party instead of another while fully understanding the factual and legal difference between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Id.* at 549. The Court clarified that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not the amending party's knowledge or its timeliness in seeking to amend the pleading." *Id.* at 541.

In light of this precedent, the inquiry in this case focuses on whether Robles and Gordon "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Plaintiffs, however, make no effort to demonstrate that Robles and Gordon knew or should have known of their

5

United States District Court
Northern District of California

potential exposure to personal liability for wage and hour claims against the LLC. Plaintiffs fail to demonstrate that Robles and Gordon knew or should have known that Plaintiffs made a mistake in naming only CulturaLink and omitting them from the action. Indeed, through both their motion and reply briefs, Plaintiffs avoid identification of any mistake – the word "mistake" does not even appear in Plaintiffs' papers. *See* Dkt. Nos. 59 & 61. Plaintiffs do not advance that they somehow only recently learned of Robles and Gordon, who, as owners of CulturaLink, have been involved in the litigation process since the filing of this case in March 2023. Plaintiffs do not articulate any misunderstanding as to the individual principals' roles in the "conduct, transaction, or occurrence" giving rise to the wage and hour claims at bar. *Krupski*, 560 U.S. at 549. Plaintiffs' effort to amend at this stage, adding Robles and Gordon to obtain a greater payout in light of financial hardship disclosed in the course of settlement negotiations with CulturaLink, thus resembles *Nelson* more than *Krupski*. There has been no "mistake" about the identity of the proper Defendant in this case – Plaintiffs seek only to add CulturaLink's principals in light of the anticipated difficulty with the LLC's ability to satisfy a judgment. *See Nelson*, 529 U.S. at 463-64. The naming of only CulturaLink as Defendant through two complaints while omitting its principals reflects a strategic choice, not a mistake that warrants relation back of claims against newly-introduced defendants.

Resisting the application of relation back under Rule 15(c), Plaintiffs aver that they have satisfied the ignorance requirement of California Code of Civil Procedure § 474 such that they may amend and substitute Robles and Gordon as previously-named, fictitious Doe Defendants. Dkt. No. 61 at 4. Section 474 provides in part, "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly[.]" Cal. Code Civ. Proc. § 474. Plaintiffs cite *Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1202-04 (9th Cir. 2014), for the premise that federal courts may rely on Section 474 to allow the substitution of defendants into a case after expiration of the relevant limitation period. Dkt. No. 61 at 4-5. Plaintiffs, however, misinterpret the outcome of *Butler*. The *Butler* court considered the applicability of Section 474

to permit substitution of individuals for Doe defendants, but the court rejected the proposed substitution of new defendants for Does in that case because the record demonstrated that the plaintiff was not "generally ignorant" of the proposed new defendants' identities. *Id.* at 1202. Here, Plaintiffs fail to even argue that they were generally ignorant of the identities of Robles and Gordon, and they present no factual support for any claimed ignorance. Indeed, Plaintiffs fail to identify any information they learned during the course of the past three years of litigation that would warrant the substitution of Robles and Gordon despite their earlier omission from the case. Plaintiffs' proposed relation back thus also fails under Section 474.

The relation back doctrine does not apply to these circumstances. Therefore, the California and Viginia wage and hour claims are time-barred, and Plaintiffs' proposed amendment to add Robles and Gordon as defendants is futile.

### B.    Proposed Addition of New Plaintiff

As previously noted, the statute of limitations has run for the California and Virginia wage claims. As such, the relation back doctrine must apply for James Coughlin to be added as a plaintiff. Federal Rule of Civil Procedure 15(c) does not specifically address whether amendments adding or changing plaintiffs "relate back" to the date the original complaint was filed. Addressing an effort to add plaintiffs in the relation back context, the Ninth Circuit instructed:

> [a]n amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff.

*Immigrant Assistance Project of the L.A. Cnty. Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 857 (9th Cir. 2002) (citations omitted). An identity of interests exists where "the circumstances giving rise to the claim remain[ ] the same under the amended complaint as under the original complaint." *Id.* at 858 (internal brackets omitted).

Here, CulturaLink avers that "relation back would unfairly prejudice Defendant due to the additional litigation expenses it would incur, the continued delay of a three-year case, and the

further impact on Defendant's financial status." Dkt. No. 60 at 7. Contrary to CulturaLink's argument, the proposed amendment would not prejudice CulturaLink or produce undue delay in litigation. As Plaintiffs highlight, fact discovery remains open for approximately two more months, and any discovery as to Coughlin's particular wage-and-hour claims will likely turn out to be routine. *See* Dkt. No. 61 at 5. As other courts have found, "the prospect of additional discovery needed by the non-moving party [does not] in itself [constitute] a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (internal citations omitted). CulturaLink fails to identify any prejudice here.

Consideration of the other elements for amendment adding a plaintiff affirm the lack of prejudice to CulturaLink. *See Immigrant Assistance Project of the L.A. Cnty. Fed'n of Labor*, 306 F.3d at 857. The operative complaint gave CulturaLink adequate notice of Coughlin's claims. Coughlin raises wage-and-hour claims under the laws of Virginia, which have already been part of the case in light of Pogorelov's participation to date. Moreover, Coughlin raises issues related to CulturaLink's alleged employment practices, classification decisions and control over Plaintiffs' work – issues that have been part of this case since its inception. *See generally* Beligan Decl., Ex. C (Dkt. No. 59-1). For the same reasons, an identity of interests exists between Coughlin and the existing Plaintiffs because the circumstances giving rise to Coughlin's claims remain the same under both the original and the proposed amended complaint. *Immigrant Assistance Project of the L.A. Cnty. Fed'n of Labor*, 306 F.3d at 858. Coughlin's claims accordingly relate back to the original complaint, and their addition would not prove futile.

The Court notes, however, that Plaintiffs' stated grounds for the addition of Coughlin as a plaintiff is to "strengthen[] the existing collective and class allegations." Dkt. No. 59 at 5. Plaintiffs request in the same motion for leave to amend the dismissal of the collective and class allegations. *Id.* at 4. Plaintiffs' proposed second amended complaint clearly abandons the collective and class allegations. *See* Beligan Decl., Ex. C (Dkt. No. 59-1). To be clear, Plaintiffs may not use the addition of Coughlin as a plaintiff to bolster the now-dismissed collective and class allegations.

III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' motion for leave to file a second amended complaint.  Plaintiffs may not add Robles and Gordon as defendants because the claims alleged against them would prove untimely and Plaintiffs fail to establish that the proposed amendment should relate back to the original filing based on Rule 15(c).  Plaintiffs may add Coughlin as a plaintiff because CulturaLink would not suffer undue prejudice from the addition.  The Court approves Plaintiffs' proposed amendments to omit the class and collective action claims.  Plaintiffs may include no additional parties or claims absent leave of Court or stipulation of Defendants.  Plaintiffs shall file a second amended complaint conforming with this order by no later than noon on May 1, 2026.

**IT IS SO ORDERED.**

Dated: April 24, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

9